NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CAROLE A. BRIDGES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTERNAL REVENUE SERVICE,<br><br>　　　　Defendant. | Civil No. 07-2013 (AET)<br><br>**MEMORANDUM & ORDER** |

THOMPSON, U.S.D.J.

　　This matter is before the Court on Defendant Internal Revenue Service's ("IRS") Motion to Dismiss Plaintiff Carole A. Bridges' Complaint. The Court has decided this motion based on Defendant's unopposed submission, and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, the Defendant's Motion is granted.

BACKGROUND

　　On April 27, 2007, Plaintiff, acting *pro se*, filed a Complaint challenging Defendant's denial of her claim for innocent spouse relief. On August 7, 2007, the Court issued a Notice of Call for Dismissal, informing the Plaintiff that her Complaint would be dismissed on August 27, 2007, for failure to effect service within 120 days. Plaintiff responded, first seeking to transfer her case to Tax Court and later requesting an extension to serve process on Defendant. The Court granted this request.

　　On December 3, 2007, Plaintiff filed a Return of Service indicating that she had served Defendant's Chief Counsel, Donald Squires. Defendant now moves under Fed. R. Civ. P.

12(b)(5) to dismiss Plaintiff's Complaint for failure to serve the United States.  Plaintiff does not oppose this Motion.

## APPLICABLE LAW

Under Fed. R. Civ. P. 4(i), an agency of the United States must be served in the following manner: 1) by delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail to the civil process clerk at the office of the United States Attorney; 2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C.; and 3) by sending a copy of the summons and complaint to the officer or agency of the United States being sued. Fed. R. Civ. P. 4(i).

Service of process is a prerequisite to a court's exercise of personal jurisdiction over a defendant.  Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993).  Requiring service protects the defendant's due process rights by providing notice of the lawsuit and an opportunity to be heard.  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  Courts routinely dismiss complaints against the United States where service was not properly effected.  See e.g., Zaklama v. IRS, Civ. No. 05-374, 2006 U.S. Dist. LEXIS 17220, at *3 (D.N.J. Apr. 6, 2006) (unpublished).  When a defendant challenges the sufficiency of service, the burden falls on the plaintiff to show that service was adequate.  See Myers v. American Dental Ass'n, 695 F.2d 716, 725 n.10 (3d Cir. 1982).

## DISCUSSION

Here, because the IRS is an agency of the United States, Plaintiff was required to effect service in conformity with Rule 4(i).  After the Court granted Plaintiff a one-month extension to

serve process, Plaintiff served "Donald Squires, Chief Counsel, 111 Constitution Avenue, NW DC." Donald Squires is neither the United States Attorney General nor the United States Attorney for the District of New Jersey. Because Plaintiff failed to properly serve the United States, the Court lacks personal jurisdiction over Defendant. Accordingly, Defendant's Motion to Dismiss is granted.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 17th day of March, 2008,

ORDERED that Defendant Internal Revenue Service's Motion to Dismiss Plaintiff Carole A. Bridges' Complaint [8] is GRANTED.

ORDERED that Plaintiff Carole A. Bridges' Complaint is DISMISSED without prejudice.

                                                       s/ Anne E. Thompson
                                                ANNE E. THOMPSON, U.S.D.J